IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TIMOTHY MURPHY, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 4:07-CV-130 (CDL) |
| | * | 28 U.S.C. § 2254 |
| DANNY THOMPSON, Warden, | * | |
| DOUGLAS C. PULLEN, Judge, | * | |
| ROBERT L. WADKINS, Attorney, | * | |
| | * | |
| Respondents. | * | |
| | * | |

## **REPORT AND RECOMMENDATION**

Petitioner's Application for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Proceedings For The United States District Courts. After preliminary examination, it appears that Petitioner's Application for Federal Writ of Habeas Corpus under 28 U.S.C. § 2254 is subject to summary dismissal.

It is well settled that, absent extraordinary circumstances, a federal court will not determine the merits of claims contained in a habeas corpus petition, until they have been exhausted in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728 (1999); *Rose v. Lundy*, 455 U.S. 509, 519, 102 S. Ct. 1198 (1982); *Picard v. Conner*, 404 U.S. 270, 275, 92 S. Ct. (1971). Title 28 of the United States Code, Section 2254(b) provides:

(1) An application for a writ of habeas corpus on behalf of a

> person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

In his complaint, the Petitioner contends that he won the right to an out-of-time appeal, which is still pending in state court. Petitioner has presented no evidence which would establish that he has exhausted his claims regarding his confinement in state court and, in fact, argues the opposite.

As stated *supra*, this court is generally not authorized to entertain a petition for federal habeas corpus relief where the Petitioner has not exhausted his available state remedies, unless the Respondent waives the exhaustion requirement, which has not been done in this case. Petitioner's Application, therefore, should be dismissed without prejudice, allowing Petitioner to exhaust his state remedies. Petitioner may file another application at the conclusion of his state court proceedings.

WHEREFORE, it is hereby **RECOMMENDED** that petitioner's instant action be **Dismissed Without Prejudice** so that he may proceed to exhaust his state remedies. As it

is recommended that Petitioner's action be dismissed, it is therefore also recommended that Petitioner's request to proceed *in forma pauperis* (R-2) be DENIED as moot.

Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 24th day of August, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc